UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

WILLIAM TODD BOWLDS                                              PLAINTIFF

v.                                    CIVIL ACTION NO. 4:10-CV-P61-M

RONNIE C. DORTCH et al.                                         DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, William Todd Bowlds, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff sues state-court judge Ronnie C. Dortch in his individual capacity and the Hancock Circuit Court. He alleges that on February 6, 2009, his constitutional rights were violated in the Hancock County Circuit Court when Defendant Dortch witnessed Plaintiff's attorney coerce Plaintiff into answering "no" to the question of whether he was under the influence of narcotics. He alleges that he was in fact under the influence of narcotic medication (amphetamine salts and Alprazolam) and that the court was well aware of the narcotic medication he was taking because of the court-ordered placement into two different mental institutions for mental health issues and to be monitored on the medication. As relief, Plaintiff wants monetary and punitive damages and injunctive relief in the form of being released from illegal detention and the vacation of judgment.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KY. REV. STAT. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183. Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, No. 01-6458, 2002 WL 1359388, at *2 (6th Cir. June 20, 2002) (citing *Haskell v. Washington Twp.*,

864 F.2d 1266, 1273 (6th Cir. 1988)).

Here, Plaintiff's complaint alleges that the constitutional violation occurred on February 6, 2009. He certified that his complaint was delivered to the prison mail system for mailing on April 22, 2010. Under the mailbox rule, the petition is deemed filed when presented to prison officials for mailing. *Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Thus, it is clear that the instant action is barred by the one-year limitations period. Since Plaintiff's complaint was filed outside the one-year limitations period, all of his claims will be dismissed as frivolous, pursuant to § 1915A(b)(1). *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate order, dismiss Plaintiff's complaint as frivolous.

Date:

cc: Plaintiff, *pro se*
     Defendants
     Hancock County Attorney
4414.009